Case 2:22-cr-00115-DBB Document 1-1 Filed 04/04/22 PageID.1 of Page ID:62

ANDREA T. MARTINEZ, United States Attorney (#9313)
JAMIE Z. THOMAS, Assistant United States Attorney (#9420)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>TIMOTHY GIBSON,<br><br>        Defendant. | **FELONY INFORMATION**<br><br>Count 1: 18 U.S.C. §§ 1344 and 2 (Bank Fraud)<br><br>Count 2: 18 U.S.C. § 1014 (False Statement to a Bank)<br><br>Count 3: 18 U.S.C. § 1014 (False Statement to a Bank) |

The United States Attorney alleges:

Case: 2:22−cr−00115
Assigned To : Barlow, David
Assign. Date : 4/4/2022
Description: USA v Gibson

## I. BACKGROUND

At all times relevant to this Felony Information:

1. Defendant TIMOTHY GIBSON ("GIBSON") was a resident of Utah.

2. GIBSON operated Creative Investment Group LLC and Polaris Investment Group LLC.

3. The United States Small Business Administration ("SBA") is an executive-branch agency of the United States federal government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic

recovery of communities after disasters. As part of this effort, the SBA enables and provides for loans through banks, credit unions and other lenders. These loans have government-backed guarantees.

4. In addition to traditional SBA funding programs, The CARES Act, which was signed into law in March 2020, established several new temporary programs and provided for the expansion of others to address the COVID-19 outbreak.

5. One of these new programs is the SBA Paycheck Protection Program (PPP), which is a loan designed to provide a direct incentive for small businesses to keep their workers on the payroll. Under this program, the SBA will forgive all or part of loans if all employees were kept on the payroll for eight weeks and borrowers submit documentation confirming that the loan proceeds were used for payroll, rent, mortgage interest, or utilities.

6. Payroll, as defined by the PPP excludes compensation of an individual employee in excess of an annual salary of $100,000, prorated as necessary.

7. Interested applicants apply through an existing SBA lender or any other participating federally insured financial institution. Borrower requirements include the business was in operation on February 15, 2020 and either had employees for whom the business paid salaries and payroll taxes or paid independent contractors as reported on a Form 1099-MISC. Borrowers are required to submit such documentation as is necessary to establish eligibility such as payroll processor records, payroll tax filings, or Form 1099-MISC, or income and expenses from a sole proprietorship.

8. The PPP application process requires applicants to submit a Borrower Application Form through an SBA-approved financial entity. The application contains information as to the purpose of the loan, average monthly payroll, number of employees and background of the

business and its owner, including questions relating to criminal history.

## II.    THE SCHEME AND ARTIFICE TO DEFRAUD

9. On or about May 1, 2020 and continuing to at least on or about June 1, 2020, within the District of Utah and elsewhere,

**TIMOTHY GIBSON**,

defendant herein, devised and intended to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and omissions of material facts and did aid and abet therein.

10. In executing and attempting to execute the scheme and artifice to defraud, and in furtherance thereof, defendant GIBSON did:

   a. knowingly make false and fraudulent pretenses, representations, and promises to Mountain America Credit Union, a financial institution within the meaning of 18 U.S.C. § 20, the accounts of which were then insured by the National Credit Union Administration ("NCUA"), and did aid and abet therein; in violation of 18 U.S.C. §§ 1344 and 2 (Bank Fraud); and

   b. knowingly made false statements and caused false statements to be made to financial institutions, in violation of 18 U.S.C. § 1014 (False Statements to a Financial Institution).

## III.    MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

11. In execution and furtherance of the scheme and artifice to defraud, defendant GIBSON advised approximately 25 of his clients that they could apply for and obtain PPP loans using false and fraudulent information. Defendant GIBSON and other uncharged coconspirators caused loan applications to be submitted to financial institutions on behalf of clients that contained materially false and fraudulent information. Defendant GIBSON told clients they could use PPP loan proceeds to "grow their business" when in fact, "growing their business" was not an

authorized use of PPP loan funds.

12. On or about May 18, 2020, defendant GIBSON and uncharged coconspirators filled out and submitted a PPP loan application through MACU on behalf of J.W. and his company 17 Paths LLC.

13. In execution and furtherance of the scheme and artifice to defraud, defendant GIBSON and uncharged conspirators made or caused to be made, one or more of the following false and fraudulent representations to MACU:

    a. 17 Paths LLC had 7 employees, when in fact, 17 Paths LLC had only 1 employee;

    b. 17 Paths LLC had average monthly payroll of $56,000, when in fact, 17 Paths LLC had approximately $5,000 in monthly payroll expenses.

14. MACU did not fund the requested PPP loan of $156,000.

### Count 1
### 18 U.S.C. §§ 1344 and 2
### (Bank Fraud)

15. The allegations in this Felony Information are incorporated by reference and realleged as though fully set forth herein.

16. On or about May 18, 2020, in the District of Utah and elsewhere,

**TIMOTHY GIBSON**,

defendant herein, did execute and attempt to execute, a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, from Mountain America Credit Union, a financial institutions within the meaning of 18 U.S.C. § 20, the accounts of which were then insured by the National Credit Union Administration ("NCUA"), by submitting and causing to be submitted to MACU an online loan application on behalf of 17 Paths LLC containing materially false information and did aid and abet therein;

4

All in violation of 18 U.S.C. §§ 1344 and 2.

## Count 2
## 18 U.S.C. § 1014
## (False Statement to a Bank)

17. The allegations in this Felony Information are incorporated by reference and realleged as though fully set forth herein.

18. On or about May 11, 2020, in the District of Utah and elsewhere,

**TIMOTHY GIBSON**,

defendant herein, knowingly made and caused to be made a false statement listed below for the purpose of influencing the action of Mountain America Credit Union, a financial institution the deposits of which were then insured by the NCUA, in connection with a PPP loan application for approximately $166,600, in that defendant GIBSON falsely stated and caused to be falsely stated:

    a. Creative Investment Group LLC had 8 employees, when in fact, Creative Investment Group LLC had only 1 employee;

    b. Creative Investment Group LLC had average monthly payroll expenses of $66,666.67, when in fact, Creative Investment Group LLC had no monthly payroll expenses;

All in violation of 18 U.S.C. § 1014.

## Count 3
## 18 U.S.C. § 1014
## (False Statement to a Bank)

19. The allegations in this Felony Information are incorporated by reference and realleged as though fully set forth herein.

20. On or about May 11, 2020, in the District of Utah and elsewhere,

**TIMOTHY GIBSON**,

defendant herein, knowingly made and caused to be made a false statement listed below for the

5

purpose of influencing the action of Mountain America Credit Union, a financial institution the deposits of which were then insured by the NCUA, in connection with a PPP loan application for approximately $208,300, in that defendant GIBSON falsely stated and caused to be falsely stated:

   a. Polaris Development Group LLC had 10 employees; when in fact, Polaris Development Group LLC had only 1 employee; and

   b. Polaris Development Group LLC had average monthly payroll expenses of approximately $83,333.33, when in fact, Polaris Development Group LLC had no monthly payroll expenses;

All in violation of 18 U.S.C. § 1014.

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(2)(A), upon conviction of any offense violating 18 U.S.C. § 1344 or § 1014, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the scheme to defraud. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

ANDREA T. MARTINEZ
United States Attorney


*/s/ Jamie Z. Thomas*
JAMIE Z. THOMAS
Assistant United States Attorney

6