

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

Sarah A. Sulkowski
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (862) 301-0943

May 13, 2022

**RECEIVED**
MAY 16 2022
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**VIA EMAIL**

Matthew S. Adams, Esq.
Fox Rothschild LLP
49 Market Street
Morristown, NJ 07960
madams@foxrothschild.com

Re: <u>Plea Agreement with Timothy Gibson</u>   Cr. 22-320-01 (FLW)

Dear Mr. Adams:

This letter sets forth the plea agreement between your client, Timothy Gibson ("Gibson"), and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on **May 14, 2022**, if it is not accepted in writing by that date.

Charges

Conditioned on the understandings specified below, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from Gibson to a three-count Information charging that Gibson knowingly executed a scheme or artifice to defraud Bank-1, a financial institution insured by the National Credit Union Administration, from on or about May 1, 2020 through at least on or about June 1, 2020, in the District of Utah, in violation of Title 18, United States Code, Section 1344 (Count One); knowingly made false statements to Bank-1 on or about May 11, 2020, in the District of Utah, for the purpose of obtaining a Paycheck Protection Program ("PPP") loan for Company-1, in violation of Title 18, United States Code, Section 1014 (Count Two); and knowingly made false statements to Bank-1 on or about May 11, 2020, in the District of Utah, for the purpose of obtaining a PPP loan for Company-2, in violation of Title 18, United States Code, Section 1014 (Count Three).

If Gibson enters a guilty plea and is sentenced on these three charges to a term of imprisonment of 24 months (the "Stipulated Sentence"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Gibson for defrauding or making false statements to Bank-1 from on or about May 1, 2020 through on or about June 1, 2020. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Gibson agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Gibson may be commenced against him, notwithstanding the expiration of the limitations period after Gibson signs the agreement.

Should the Court, pursuant to Rule 11(c)(5), at any time reject this plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentence or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement, and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

Sentencing

The violation of 18 U.S.C. § 1344 charged in Count One of the Information to which Gibson agrees to plead guilty carries a statutory maximum sentence of 30 years in prison and a statutory maximum fine of $1,000,000.

The violations of 18 U.S.C. § 1014 charged in Counts Two and Three of the Information to which Gibson agrees to plead guilty each carry a statutory maximum prison sentence of 30 years and a statutory maximum fine of $1,000,000.

The sentences on Counts One through Three may run consecutively. All fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on Gibson, the sentencing judge: (1) must order Gibson to pay an assessment of $100 per count, for a total of $300, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Gibson to pay restitution pursuant to 18 U.S.C. § 3663A(a)(1) and (c)(1); and (3) pursuant to 18 U.S.C. § 3583, may require Gibson to serve a term of supervised release of up to five years on each

of Counts One, Two, and Three, which will begin at the expiration of any term of imprisonment imposed. Should Gibson be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Gibson may be sentenced to not more than three years' imprisonment on Counts One through Three in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office and Gibson agree that a sentence of imprisonment of 24 months is the appropriate disposition of the case. Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence Gibson to the Stipulated Sentence of 24 months' imprisonment. If, however, the sentencing judge rejects this plea agreement and the Stipulated Sentence, Gibson has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw his plea of guilty, and the government also reserves the right to withdraw from the plea agreement.

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Gibson agrees to pay restitution in the amount of $608,138.15 to the Small Business Administration. Gibson agrees that the total amount of restitution reflected in this agreement results from his fraudulent conduct. The United States agrees to recommend at the time of sentencing that the restitution imposed in this case be joint and several with any criminal restitution imposed in related cases pending in the District of Utah. For purposes of this agreement, the United States shall contact the Assistant United States Attorney for the District of Utah who handled this matter and the Assistant United States Attorney prosecuting *United States v. McCormick*, 2L22-cr-00114 JNP, to determine all related cases that have been filed at the time of sentencing in this matter. The United States agrees that any restitution payments made by any party in related cases will be credited against the restitution to be paid by Gibson in this matter.

3

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Gibson by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Gibson's activities and relevant conduct with respect to this case.

Stipulations

This Office and Gibson agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Gibson from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

This Office and Gibson agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. Gibson further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not

4

limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgment of conviction or sentence. But this waiver does not apply to: (1) any proceeding to revoke the term of supervised release; (2) a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or (3) an appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

Lastly, the parties have stipulated to certain facts in the Schedule A to this plea agreement. Accordingly, the parties agree that they will not challenge at any time, using any means, the District Court's acceptance of those stipulated facts.

Immigration Consequences

Gibson understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subjected to immigration proceedings and removal from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Gibson understands that any immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Gibson wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Gibson understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Gibson waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Gibson. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Gibson.

No provision of this agreement shall preclude Gibson from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Gibson received ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Gibson and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: _____
Sarah A. Sulkowski
Assistant U.S. Attorney

APPROVED:

_____
JAMEL SEMPER
Deputy Chief, Criminal Division

I have received this letter from my attorney, Matthew S. Adams, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*Tim Gibson*                   Date: 5/13/2022
_____
Timothy Gibson

I have read and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

[signature]                   Date: 05/13/2022
_____
Matthew S. Adams, Esq.

Plea Agreement with Timothy Gibson

SCHEDULE A

This Office and Timothy Gibson ("Gibson") agree to stipulate to the following facts:

1. At all relevant times, Gibson operated Creative Investment Group LLC ("Creative") and Polaris Investment Group LLC ("Polaris").

2. At all relevant times, Bank-1 was insured by the National Credit Union Administration.

3. Between on or about May 1, 2020 and on or about June 1, 2020, Gibson advised approximately 25 clients that they could apply for Payroll Protection Program ("PPP") loans using false and fraudulent information.

4. During the same period, Gibson caused loan applications to be submitted to Bank-1 on behalf of clients, knowing that the applications contained false and fraudulent information, and Bank-1 granted loans based on such false and fraudulent applications.

5. For example, on or about May 18, 2020, Gibson completed and submitted a loan application to Bank-1 on behalf of 17 Paths LLC ("17 Paths"), which falsely stated that 17 Paths had seven employees and an average monthly payroll of $56,000, when Gibson knew that 17 Paths in fact had only one employee and an average monthly payroll of $5,000.

6. On or about May 11, 2020, Gibson knowingly and falsely stated to Bank-1 that Creative had seven employees and monthly payroll expenses of $66,666.67, knowing that Creative in fact had only one employee and no monthly payroll expenses.

7. On or about May 11, 2020, Gibson knowingly and falsely stated to Bank-1 that Polaris had 10 employees and monthly payroll expenses of $83,333.33, knowing that Polaris in fact had only one employee and no monthly payroll expenses.