<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>  v.<br><br>TIMOTHY GIBSON,<br><br>                      Defendant. | Crim. No. 20-00441 (GC)<br>Crim. No. 22-00320 (GC)<br><br>**MEMORANDUM & ORDER** |

<u>**CASTNER, District Judge**</u>

      This matter comes before the Court upon Defendant Timothy Gibson's request to adjourn the sentencing set for August 2, 2023 (Crim. No. 20-441, ECF No. 113; Crim. No. 22-320, ECF No. 23). The United States of America (the "Government") objected to any further adjournment (Crim. No. 20-441, ECF No. 114; Crim. No. 22-320, ECF No. 24), and Gibson replied (Crim. No. 20-441, ECF No. 115; Crim. No. 22-320, ECF No. 25). On July 19, 2023, the Court conducted a status conference; and

      WHEREAS, in Criminal No. 20-00441 (GC), the Government and Gibson entered into a plea agreement dated March 29, 2022 (Crim. No. 20-441, ECF No. 93), as supplemented by letter dated May 16, 2022 (Crim. No. 20-441, ECF No. 95), whereby Gibson agreed to plead guilty to Count One of the Indictment, which charges him with conspiracy to commit wire fraud contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349; and

WHEREAS, in Criminal No. 22-00320 (GC),[1] the Government and Gibson entered into a plea agreement dated May 13, 2022 (Crim. No. 22-320, ECF No. 5), as supplemented by letter dated May 16, 2022 (Crim. No. 22-320, ECF No. 6), whereby Gibson agreed to plead guilty to a three-count Information, which charges him with certain violations of 18 U.S.C. §§ 1014 and 1344; and

WHEREAS, on May 16, 2022, the Court conducted a hearing where Gibson pled guilty under oath consistent with the plea agreements and was adjudged guilty of the above-referenced offenses (Crim. No. 20-441, ECF No. 103; Crim. No. 22-320, ECF No. 12); and

WHEREAS, the sentencing on these offenses was set for January 10, 2023, before Chief Judge Freda L. Wolfson,[2] and was subsequently adjourned to April 20, 2023, then to May 24, 2023, and then to June 7, 2023 (*see generally* Crim. No. 20-441 & Crim. No. 22-320, ECF Docket Sheet); and

WHEREAS, in or around March 2023, Gibson retained new counsel (Crim. No. 20-441, ECF Nos. 107, 110; Crim. No. 22-320, ECF Nos. 16, 18).  By letter dated April 6, 2023, Gibson's new counsel advised the Court of counsel's intent to assess, among other things, "whether there is a valid basis to move to withdraw Mr. Gibson's guilty pleas, the scope (if any) of representations/understandings conveyed to Mr. Gibson's prior counsel in connection with those pleas by/to the prior AUSA in these cases, and the impact (if any) of the Third Circuit's recent decision regarding intended loss under the Advisory USSG," and thus requested an eight-week

---

[1]   Criminal No. 22-00320 (GC) was initiated in the District of Utah under Criminal No. 22-115 (DBB) and transferred to the District of New Jersey pursuant to Federal Rule of Criminal Procedure 20.  (*See United States v. Gibson*, Crim. No. 22-00320 (GC), ECF No. 1.)

[2]   By Text Order dated January 30, 2023, this matter was reassigned to Judge Georgette Castner.  (Crim. No. 20-441, ECF No. 101; Crim. No. 22-320, ECF No. 10.)

adjournment of Gibson's sentencing (Crim. No. 20-441, ECF Nos. 111; Crim. No. 22-320, ECF No. 20); and

WHEREAS, on April 21, 2023, the Court adjourned Gibson's sentencing to August 2, 2023; and

WHEREAS, by letter dated June 15, 2023, Gibson's counsel advised the Court of counsel's challenges in conducting the above-noted assessments, including a review of roughly 25,000 documents, which counsel had obtained only "several weeks" prior, and requested that the Court adjourn Gibson's sentencing until mid-November or, alternatively, conduct a status conference (Crim. No. 20-441, ECF No. 113; Crim. No. 22-320, ECF No. 23); and

WHEREAS, the Government opposed Gibson's request, arguing that Gibson admitted his guilt on the record and was adjudged guilty after the Court conducted colloquy to ensure that Gibson's guilty pleas were informed and voluntarily, and thus, Gibson is not entitled to withdraw his guilty pleas or to an adjournment to conduct a "scavenger hunt with the hope of turning up a basis to withdraw his guilty pleas" (Crim. No. 20-441, ECF No. 114; Crim. No. 22-320, ECF No. 24); and

WHEREAS, on July 11, 2023, the Court held a status conference on Gibson's adjournment request. During the conference, the Court was advised that the probation office needs approximately 125 days to complete the pre-sentence report, or "PSR," and must conduct an interview of Gibson, which the probation office had difficulty doing up to this point; Gibson objected to anticipated questioning about the offense and acceptance of responsibility; and

WHEREAS, "district courts have wide discretion in the management of their cases," *United States v. Wecht*, 484 F.3d 194, 217 (3d Cir. 2007); and

3

WHEREAS, in exercising this discretion, the Court considers a defendant's right to have the assistance of counsel at every "critical stage" in a criminal prosecution, including for a motion to withdraw a guilty plea, *see United States v. Spruell*, 571 F. App'x 100, 102 (3d Cir. 2014) (citing *United States v. Crowley*, 529 F.2d 1066, 1069-70 (3d Cir. 1976)), along with a defendant's right to seek a withdrawal of a guilty plea under Federal Rule of Criminal Procedure 11(d), and the interest of the public and the defendant in a speedy disposition of the charges, *see* 18 U.S.C. § 3161(h)(7);

NOW, THEREFORE, for the foregoing reasons, and other good cause shown,

IT IS on this 21st day of July, 2023, **ORDERED** as follows:

1. Gibson is ordered to meet with the probation office so that the probation office can begin preparing the PSR, subject to the limitations discussed during the Court's July 19, 2023 status conference.

2. Gibson's sentencing is reset for November 15, 2023, at 10:00 a.m., to allow for the preparation and completion of the PSR.

3. If Gibson wishes to withdraw his guilty pleas, Gibson must file with the Court no later than September 13, 2023 — 90 days following Gibson's June 15, 2023 letter — a formal application to do so pursuant to Fed. R. Crim. P. 11(d).

4. No further adjournments of Gibson's sentencing will be permitted.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**